```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**PAUL OLIVER DENNISON,**

    **Plaintiff,**

**v.**                                    **CIVIL ACTION NO. 1:17CV165**
                                                            **(Judge Keeley)**

**EMILY GILLESPIE, on behalf of
Dismas Charities; PIERRE LECONTE;
and DISMAS CHARITIES, INC.,**

    **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 26]

On August 25, 2017, the pro se plaintiff, Paul Oliver Dennison ("Dennison"), filed a complaint in the Circuit Court of Harrison County, West Virginia, against defendants Emily Gillespie, on behalf of Dismas Charities, and Pierre Leconte (Dkt. No. 1-1). His complaint alleges that, while incarcerated at Dismas Charities, the defendants deprived him of due process, discriminated against him, and violated his rights under the Eighth Amendment. Id. at 1-2. Leconte, a Bureau of Prisons employee, removed the case to this Court under 28 U.S.C. § 1442(a), the Federal Officer Removal Statute (Dkt. No. 1). Pursuant to 28 U.S.C. § 636 and this Court's local rules, the Court referred the complaint to the Honorable Michael J. Aloi, United States Magistrate Judge, for initial review.

On June 13, 2018, Magistrate Judge Aloi entered a Report and Recommendation ("R&R") recommending that the Court dismiss Dennison's complaint because of his failure to exhaust his

administrative remedies (Dkt. No. 26). The R&R also informed Dennison of his right to file "written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection." It further warned that failure to do so would result in waiver of the right to appeal. Id. at 16-17. Although he received the R&R on June 21, 2018, Dennison has not filed any objections to the recommendation.

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W.Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold those portions of a recommendation to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Having received no objections to the R&R, the Court has no duty to conduct a de novo review of Magistrate Judge Aloi's findings. Furthermore, following a review of the R&R and the record for clear error, the Court:

**1)** **ADOPTS** the R&R (Dkt. No. 26);

**DENNISON V. GILLESPIE, ET AL.**                                1:17CV165

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 26]**

    **2)**    **GRANTS** Dismas Charities' Motion to Dismiss (Dkt. No. 5);

    **3)**    **GRANTS** Leconte's Motion to Dismiss, or, in the Alternative, for Summary Judgment (Dkt. No. 20); and

    **4)**    **DISMISSES** Dennison's complaint **WITHOUT PREJUDICE.**[1]

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to enter a separate judgment order and to transmit copies of both Orders to counsel of record and to the pro se plaintiff, certified mail and return receipt requested.

DATED: July 18, 2018.

                                          /s/ Irene M. Keeley
                                          IRENE M. KEELEY
                                          UNITED STATES DISTRICT JUDGE

---

[1] Although the R&R recommended dismissing the case with prejudice, such dismissals typically are without prejudice. Cf. Moore v. Bennette, 517 F.3d 717, 725-26 (4th Cir. 2008).